NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BALFRE VICTORIANO-HUACHIN, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-70498 Agency No. A202-093-345 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2019**
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and PREGERSON,*** District Judge.

Petitioner-Appellant Balfre Victoriano Huachin ("Petitioner"), a native and

citizen of Mexico, appeals the Board of Immigration Appeals' ("BIA") decision

upholding the Immigration Judge's ("IJ") denial of his claims for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We **deny in part** and **grant in part** the petition.

**1.** Petitioner claims that his due process rights were violated because the BIA and the IJ failed to consider his fear of returning to Mexico based on his wife's recent assistance to law enforcement. Claims of due process violations in deportation proceedings are reviewed de novo. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006) (citing *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)). "Due process and this court's precedent require a minimum degree of clarity in dispositive reasoning and in the treatment of a properly raised argument." *Su Hwa She v. Holder*, 629 F.3d 958, 963 (9th Cir. 2010), *superseded by statute on other grounds as stated in Ming Dai v. Sessions*, 884 F.3d 858, 867 n.8 (9th Cir. 2018).

Contrary to Petitioner's assertions, the BIA considered his fear of returning to Mexico based on his wife's assistance to law enforcement and provided a statement of its reason for denying Petitioner's asylum claim on this basis. First, the BIA found that the IJ had "considered and addressed the [Petitioner's] claims for relief on the basis of feared revenge or retaliation by individuals concerning whom his wife provided information to immigration authorities." Second, the BIA reviewed Petitioner's testimony and concluded that Petitioner's testimony "show[ed] at most a speculative threat . . . and [was] insufficient to establish a cognizable 'particular

group' under the Act." The BIA's decision demonstrates that the agency "heard, considered, and decided" the properly raised argument of his fear of returning based on his wife's assistance to law enforcement. *Rodriguez-Matamoros v. I.N.S.*, 86 F.3d 158, 160 (9th Cir. 1996) ("Although we have required the Board to provide more than mere conclusory statements, all that is necessary is a decision that sets out terms sufficient to enable us as a reviewing court to see that the Board has heard, considered, and decided." (quoting *Villanueva-Franco v. INS*, 802 F.2d 327, 330 (9th Cir. 1986))).

**2.** Petitioner next challenges the BIA's finding that he had not established eligibility for asylum.[1] "An applicant is eligible for asylum if he is 'unable or unwilling to return to . . . [his] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Jie Shi Liu v. Sessions*, 891 F.3d 834, 838 (9th Cir. 2018) (quoting 8 U.S.C. § 1101(a)(42)(A)).

We review de novo the legal question of whether a proposed group constitutes a "particular social group." *Mendoza-Alvarez v. Holder*, 714 F.3d 1161, 1163 (9th Cir. 2013). We will uphold the BIA's factual determinations "if supported by reasonable, substantial and probative evidence on the record as a whole." *Id.* Under

---

[1] We do not address whether the BIA properly denied Petitioner's asylum claim as untimely as we can affirm the BIA's asylum decision on the merits. *See Chavez v. I.N.S.*, 723 F.2d 1431, 1434 (9th Cir. 1984).

17-70498

the substantial evidence standard, "Petitioner must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Cordon-Garcia v. I.N.S.*, 204 F.3d 985, 990 (9th Cir. 2000).

Petitioner seeks asylum because he fears persecution on account of membership in two particular social groups: 1) Persons "whose immediate family members have served as informants of criminal activity in the United States," and 2) "[L]ong-time residents in the United States who are returning to Mexico."

As to Petitioner's first social group claim, the BIA affirmed the IJ's determination that Petitioner had not established a well-founded fear of persecution based on his fear of returning as a family member of someone providing assistance to law enforcement because his testimony showed "at most a speculative threat." In reaching this decision, the BIA reviewed Petitioner's testimony regarding his wife's assistance to law enforcement. Petitioner testified that neither he nor his wife had received any threats; that neither of them had been contacted by the individuals; that Petitioner did not know the individuals; and that Petitioner did not know whether these individuals had been deported or what happened to them generally. Moreover, Petitioner did not know whether the individuals were from his hometown in Acapulco or from a different location. Petitioner testified that he only knew "they[] [were] Mexican." The BIA's determination that Petitioner had not established a

4 17-70498

well-founded fear was based on reasonable, probative evidence contained in the record.

Turning to Petitioner's second social group claim, we have held that the proposed social group of "returning Mexicans from the United States" is "too broad to qualify as a cognizable social group." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010)). Petitioner's proposed social group "as one recently arrived from the United States" is not distinguishable from the proposed group in *Delgado-Ortiz* and is therefore equally broad. We therefore deny the petitione for review of the asylum claim.

3. Petitioner contests the BIA's denial of his withholding claim, which is premised on the same grounds as his asylum claim. As to Petitioner's first social group claim, because Petitioner does not meet the less stringent "well-founded fear" standard under asylum, Petitioner also does not meet the "clear probability" of persecution standard required for withholding of removal. *See Canales-Vargas v. Gonzales*, 441 F.3d 739, 746 (9th Cir. 2006) ("This 'clear probability' standard, interpreted as meaning 'more likely than not,' is more stringent than asylum's 'well-founded fear' standard because withholding of deportation is a mandatory form of relief." (citations omitted)). As discussed above, the BIA's determination that Petitioner did not demonstrate a well-founded fear is supported by substantial evidence, therefore, the BIA's finding that Petitioner did not qualify for withholding

of removal, was also based on substantial evidence. Regarding Petitioner's second social group claim, "[a]s we have already held that the BIA did not err in holding that the particular social group identified by the Petitioner[] is insufficient to merit asylum protection, we also hold that Petitioner[] fail[s] to present a prima facie case for withholding of removal." *Delgado-Ortiz*, 600 F.3d at 1152. We deny the petition for review of the withholding of removal claim.

**4.** Petitioner lastly challenges the BIA's denial of his CAT claim. For protection under CAT, the applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Further, the torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).

The regulations require that the BIA consider conditions in the country of removal, *see* 8 C.F.R. § 1208.16(c)(3), the "failure of the BIA to consider evidence of country conditions constitutes reversable error where the Country Report has been submitted as evidence, it addresses the risk of torture, and the BIA does not even mention it." *Andrade v. Lynch*, 798 F.3d 1242, 1244 (9th Cir. 2015) (citing *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010)).

The BIA and the IJ failed to consider evidence of country conditions submitted by Petitioner. Therefore, we grant the petition for review of Petitioner's

17-70498

CAT claim and remand for the BIA to reconsider the claim in light of the record evidence of country conditions.

**PETITION FOR REVIEW DENIED in part; GRANTED in part.**

Each party shall bear its own costs.

17-70498