FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIE SHI LIU,<br>*Petitioner*,<br><br>v.<br><br>JEFFERSON B. SESSIONS III,<br>Attorney General,<br>*Respondent*. | No. 12-74077<br><br>Agency No.<br>A087-598-003<br><br><br>OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 16, 2018
Honolulu, Hawaii

Filed June 1, 2018

Before: Diarmuid F. O'Scannlain, Richard R. Clifton,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Clifton

## SUMMARY[*]

### Immigration

The panel denied a petition for review of the Board of Immigration Appeals' denial of asylum and withholding of removal.

The panel held that substantial evidence supported the Board's determination that Liu's testimony, even if credible, was not persuasive, did not sufficiently demonstrate eligibility for relief, and was therefore subject to the corroborating evidence requirement of 8 U.S.C. § 1158(b)(1)(B)(ii).

The panel held that the immigration judge gave Liu sufficient notice that corroborating evidence would be required, and that the notice was specific enough to satisfy the requirements of *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011). Because Liu had sufficient notice and failed to provide any meaningful corroborating evidence, the panel denied the petition for review.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Jisheng Li (argued), Law Office of Jisheng Li, Honolulu, Hawaii, for Petitioner.

Michele Y. F. Sarko (argued) and Kiley L. Kane, Trial Attorneys; John S. Hogan, Senior Litigation Counsel; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

CLIFTON, Circuit Judge:

Jie Shi Liu, a native and citizen of the People's Republic of China, petitions for review of an order of removal based upon the denial of his applications for asylum and withholding of removal. Liu asserts that he was persecuted because of his political opinion. Specifically, he claims that he resisted China's family planning policies and that as a result, he was detained and his wife was forced to undergo an abortion and sterilization. The Immigration Judge ("IJ") and Board of Immigration Appeals ("BIA") determined that Liu failed to provide necessary corroborating evidence, had not suffered past persecution, and did not have a well-founded fear of future persecution. Liu contests those findings and also argues that the IJ erred by not giving him notice that he needed to provide corroborating evidence. Because the IJ's notice to Liu was sufficient, we deny Liu's petition and do not reach the other arguments.

## I.　Background

Liu is married with one son. Shortly after giving birth to that son in China, Liu's wife inserted a contraceptive ring. Two years later she unexpectedly became pregnant. She allegedly hid at a third party's house to avoid family planning officials, but they found her approximately one week later. The officials allegedly took her to a hospital and subjected her to an abortion and forced sterilization. Shortly thereafter, Liu learned that family planning officials took his wife to a hospital, and when he met her there and found out what happened, he verbally confronted the officials. He testified that, as a result, he was detained for almost a month.

About sixteen years later, Liu left China and entered the United States with a nonimmigrant B-1 visa. He exceeded his authorization to remain in the United States, and the Department of Justice initiated removal proceedings in 2009. Liu was charged with violating § 237(a)(1)(B) of the Immigration and Naturalization Act for overstaying his visa.

Liu conceded his removability and applied for asylum and withholding of removal. Prior to Liu's evidentiary hearing, the IJ informed Liu that he would need to present additional corroborating evidence. At the subsequent hearing on the merits eleven months later, however, Liu failed to provide meaningful corroboration.

The IJ denied Liu's applications. The IJ found that Liu was not credible on key issues, identifying several inconsistent statements. The IJ also found that Liu needed to corroborate his claims but had failed to do so. The IJ went on to conclude that even if Liu were credible, he did not demonstrate that he had suffered past persecution. Finally, the

IJ determined that Liu did not have a well-founded fear of future persecution.

Liu filed a timely notice of appeal with the BIA, which dismissed his appeal. The BIA did not reach the issue of Liu's credibility. Even assuming Liu's testimony was credible, the BIA agreed with the IJ that Liu had failed to adequately corroborate his claim with reasonably attainable evidence. The BIA also concluded that Liu did not demonstrate either past persecution or a well-founded fear of future persecution. Liu timely petitioned for review.

## II. Discussion

Our review of a BIA determination of ineligibility is highly deferential. The agency's findings need only be "supported by reasonable, substantial, and probative evidence on the record. However, where the evidence compels the conclusion that the findings and decisions are erroneous, we must overturn the BIA's decision and grant the petition for review." *Song v. Sessions*, 882 F.3d 837, 841 (9th Cir. 2017) (alteration incorporated) (internal quotation marks and citation omitted). Overturning the BIA's determination is only merited if the evidence compels a contrary conclusion.

Liu seeks asylum based on both past persecution and fear of future persecution. An applicant is eligible for asylum if he is "unable or unwilling to return to . . . [his] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

Liu attempts to show past persecution on account of political opinion. Under 8 U.S.C. § 1101(a)(42), "a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion." We do not reach the question of whether the evidence compelled a finding that he suffered from past persecution.

Rather, we deny Liu's petition because he failed to provide corroborating evidence before the IJ. Even when assuming credibility, the IJ or BIA may require additional, corroborating evidence. The REAL ID Act of 2005 provides: "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii).

The IJ and BIA both determined that Liu's testimony, by itself, was insufficient. Substantial evidence supported the determination that Liu's testimony, even if credible, was not persuasive and did not sufficiently demonstrate eligibility for refugee status. By his own admission, Liu was not present at the time of his wife's alleged abortion and sterilization. In fact, he testified that he had barely discussed the incident with his wife. The IJ pointed out that Liu failed to provide actual evidence to corroborate his allegations about his wife's forced abortion and sterilization. She also noted that Liu's testimony regarding his own detention failed to explain several details, including the names of arresting officials, why he was not

charged with any crime, and why he was released, and showed a need for corroborating evidence.

The BIA agreed that Liu's testimony showed a need for corroborating evidence. Specifically, the BIA reiterated the IJ's finding that Liu should have provided, "at a minimum, a letter from his wife or a friend corroborating the claimed abortion and sterilization she faced and the respondent's subsequent detention."

In sum, the IJ and BIA determinations that Liu needed corroborating evidence were supported by the record. Liu did not provide any meaningful corroborating evidence, however. That failure supported the denial of his applications.

Liu argues that the IJ failed to give him either notice that he needed to acquire corroborating evidence or time to acquire such evidence. The REAL ID Act states that, "[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id*. As we held in *Ren v. Holder*, this language authorizes the trier of fact to request additional corroborating evidence, though it requires that applicants in need of such evidence be put on notice that corroboration is necessary. 648 F.3d 1079, 1091 (9th Cir. 2011). Thus, "[i]f corroboration is needed, . . . the IJ must give the applicant notice of the corroboration that is required and an opportunity either to produce the requisite corroborative evidence or to explain why that evidence is not reasonably available." *Id.* at 1093. This ensures that an applicant is not turned away merely because he happens to provide, in good faith,

meaningful corroborating evidence that is different than the evidence sought by the IJ.

The record established that Liu was put on notice that corroboration was needed. The IJ observed that Liu's application for asylum was supported only by his own statement. The IJ, addressing Liu's counsel, said, "[y]ou're going to have to supplement this, aren't you?" Liu's counsel explained that he had told Liu "that he would need to come up with some . . . other evidence." The IJ then explained to Liu that Liu's counsel "would like more time for [him] to provide evidence to support [his] case."

This discussion predated Liu's first merits hearing by almost a year. He had sufficient time to produce corroborating documents. At the merits hearing, however, Liu provided only his marriage certificate, his wife's Chinese residency card, and their Chinese household registry record. These documents did not meaningfully corroborate the key factual contentions at issue.

We must also determine whether the notice provided to Liu by the IJ was specific enough to satisfy the requirements identified by *Ren*. We hold that it was. Where, as here, an IJ gives notice that an asylum-seeker's testimony will not be sufficient and gives the petitioner adequate time to gather corroborating evidence, and the petitioner then provides no meaningful corroboration or an explanation for its absence, the IJ may deny the application for asylum. Importantly, Liu knew that corroboration was necessary, but failed to present meaningful corroboration for his factual contentions. Liu's failure to provide corroborating evidence was not a consequence of a lack of specificity in the notice given by the IJ.

Because Liu was on notice that corroboration was necessary but failed to corroborate the claims in his petition, his applications were denied. We deny Liu's petition for review.[1]

**PETITION FOR REVIEW DENIED.**

---

[1] The standard for withholding of removal is more stringent than the standard for asylum eligibility. *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004). Because Liu is ineligible for asylum, he is also ineligible for withholding of removal. *Id.*