**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OK HUA KIM, | No. 15-70337 |
| Petitioner, | Agency No. A094-791-637 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 10, 2018
Submission Deferred August 13, 2018
Resubmitted December 3, 2018
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and EZRA,[**] District Judge.

Petitioner, Ok Hua Kim a.k.a. Yuhua Jin (Kim), seeks review of an order of

the Board of Immigration Appeals (BIA) denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture. We

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.[1]

Factual findings and the agency's denials of asylum and withholding of removal are reviewed for substantial evidence. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009) (factual findings); *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (asylum and withholding of removal). Under this "highly deferential" standard, we will overturn the BIA's decision, only if the petitioner "show[s] that the evidence compels reversal." *Chebchoub v. I.N.S.*, 257 F.3d 1038, 1042 (9th Cir. 2001). Questions of law are reviewed de novo. *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014).

Asylum is available to applicants who (1) demonstrate statutory eligibility for asylum as a "refugee," and (2) merit a favorable exercise of the Attorney General's discretion. 8 U.S.C. § 1158(a). Under the Real ID Act, an applicant may establish eligibility based on credible testimony alone, without any corroboration. 8 U.S.C § 1158(b)(1)(B)(ii). However, "[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id*.

Kim argues that the immigration judge (IJ) did not provide proper notice that

---

[1] The facts are familiar to the parties and are restated here only as necessary to resolve the issues of the petition for review.

2

additional corroboration was required before concluding that Kim had not met her burden of proof. We conclude that Kim was provided adequate notice. At the first evidentiary hearing, during Kim's direct examination testimony, the IJ initially denied Kim's request for a continuance to provide testimony from her sister. But after certain areas of Kim's testimony lacking corroboration were identified on cross examination, the IJ allowed a continuance for further evidence, remarking that a continuance "[s]ounds like a good idea." Kim's sister testified at a further evidentiary hearing approximately one-and-a-half years later. We conclude that, under these circumstances, Kim was put on notice that her testimony alone would not be sufficient to meet her burden of proof without further, meaningful corroboration. *See Liu v. Sessions*, 891 F.3d 834, 839 (9th Cir. 2018) (holding that an "IJ may deny the application for asylum" where the "IJ gives notice that an asylum-seeker's testimony will not be sufficient and gives the petitioner adequate time to gather corroborating evidence, and the petitioner then provides no meaningful corroboration or an explanation for its absence").

We also reject Kim's argument that the record compels the conclusion that either she sufficiently corroborated her claim or corroborative evidence was not reasonably available. Kim's Chinese identification documents and the testimony of her sister did not meaningfully corroborate the contested aspects of Kim's claim. And substantial evidence supports the conclusion that corroborative evidence was

reasonably available.

Finally, the BIA reasonably determined that Kim did not merit a discretionary grant of asylum—an alternative basis for denying her application—based on her conviction for loitering with intent to commit prostitution combined with her failure to disclose the conviction.

Petition DENIED.

*Kim v. Whitaker*, No. 15-70337

NGUYEN, J., Circuit Judge, dissenting:

I respectfully dissent. As the majority acknowledges, the IJ must give Kim "notice of the corroboration required, and an opportunity to either provide that corroboration or explain why [she] cannot do so." *Ren v. Holder*, 648 F.3d 1079, 1091–92 (9th Cir. 2011). Here, the IJ failed to do so.

The majority relies on Kim's cross-examination by the government counsel as providing the necessary notice, but it is *the IJ*'s responsibility to provide Kim with notice of the need for corroboration, which the IJ indisputably failed to do. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (noting that the "trier of fact" (the IJ) must determine credibility, weigh credible testimony with other evidence of record, and require provision of corroborating evidence if necessary). The IJ's grant of a continuance is also insufficient to constitute notice. Kim's counsel asked for a continuance to call Kim's sister as a witness "for the purposes of identity," and the IJ responded "[s]ounds like a good idea."[1] At most, this record suggests that the IJ

---

[1] Counsel initially stated that he wanted a continuance "for the purposes of investigating from the sister if she has other knowledge other than just identity," but then clarified "I don't think—actually, yes for the purposes of identity I would like to bring the sister in."

1

was requesting additional corroboration *as to Kim's identity*, but not as to the past persecution aspect of her claim.

I would therefore grant the petition and remand.