**NOT FOR PUBLICATION**



# FILED

DEC 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SAMVEL MURADYAN; ZHULETA MURADYAN, | No. 15-72053 |
| Petitioners, | Agency Nos. A088-108-762 A088-108-763 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2018[**]
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and BASTIAN,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

Petitioner Samvel Muradyan (Muradyan)[1] petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing Muradyan's appeal of the denial of asylum and withholding of removal.[2] Muradyan maintained that he was unable to return to Armenia due to threats and violent acts committed by individuals acting on behalf of Gagik Tsarukyan (Tsarukyan), a purported criminal and political leader in Armenia. Muradyan contends that the IJ erred in requiring corroborating evidence in support of Muradyan's asylum claim without initially determining that Muradyan's testimony was not credible. Muradyan further asserts that the Immigration Judge (IJ) erred in failing to adequately consider his corroborating evidence, and the BIA and IJ engaged in improper speculation in concluding that Muradyan lacked a well-founded fear of persecution, because he entered the Armenian consulate in the United States to obtain a letter indicating that he was the subject of an arrest warrant.

The BIA sufficiently addressed Muradyan's assertion that the IJ was required to make an explicit credibility finding prior to requiring corroborating

---

[1] Muradyan's wife, Zhuleta Muradyan, is a derivative beneficiary of Muradyan's claims.

[2] Because Muradyan did not discuss in his Opening Brief his claim for relief under the Convention Against Torture, he has waived any argument as to that claim. *See Xinbing Song v. Sessions*, 882 F.3d 837, 841 n.8 (9th Cir. 2018), *as amended*.

evidence. Under the REAL ID Act, the IJ was not required to make an explicit credibility finding in advance of requiring additional corroborating evidence. *See Jie Shi Liu v. Sessions*, 891 F.3d 834, 838 (9th Cir. 2018) (explaining that "[e]ven when assuming credibility, the IJ or BIA may require additional, corroborating evidence"). The IJ fully comported with the corroboration requirements imposed by the REAL ID Act. Prior to continuing the hearing for approximately three months, the IJ specified the corroborating evidence that Muradyan needed to obtain, including more detailed medical records, information concerning Tsarukyan's ownership of the cement factory at which workers were allegedly dismissed, and the status of Muradyan's Armenian arrest warrant. *See Ren v. Holder*, 648 F.3d 1079, 1090 (9th Cir. 2011) (discussing the IJ's responsibilities in seeking corroborating evidence under the REAL ID Act).

Although afforded an opportunity to seek such corroboration, Muradyan did not provide sufficient corroborating evidence to support his claims of persecution. Muradyan's counsel confirmed that an independent search did not reflect that Tsarukyan owned the cement factory, and the documents submitted by Muradyan, including an article from the Armenian National Assembly's website and a Wikipedia article that was properly excluded by the IJ, were insufficient corroborating evidence to support Muradyan's claim that he was persecuted for his

3

advocacy on behalf of workers at a specific cement factory owned and operated by Tsarukyan. *See id.* at 1094 (holding that submitted documents failed to provide sufficient corroboration because they "did not answer the questions that the IJ had posed about" the petitioner's specific claims of persecution).

The IJ also afforded Muradyan an opportunity to provide more detailed medical documents to support his claim. The IJ did not limit her request to medical documents obtained from Armenia, as she only requested "medical documents that [were] more detailed regarding the respondent." Although Muradyan maintained that the hospital in his village in Armenia lacked computers, he failed to adequately explain why he did not provide medical records of an MRI and x-rays performed in the United States.

The BIA and the IJ did not engage in impermissible speculation in concluding that a letter from the Armenia consulate undermined Muradyan's purported fears of future persecution. Despite Muradyan's testimony that he faced arrest by Armenian authorities, Muradyan nevertheless went to the Armenian consulate, requested documentation that an arrest warrant was issued for him in Armenia, "the Consul personnel verified his identity and told him to return at a later date for the letter," Muradyan returned to the consulate, and obtained the

letter without incident. It was reasonable for the BIA and the IJ to conclude that this chain of events undermined Muradyan's persecution claims.

**PETITION DENIED.**