NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUA FANG,<br><br>      Petitioner,<br><br> v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>      Respondent. | No. 16-71586<br><br>Agency No. A087-893-472<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 20, 2018**
San Francisco, California

Before: BOGGS,*** PAEZ, and OWENS, Circuit Judges.

 Hua Fang, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing her appeal from an Immigration

---

 *   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 **   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

 ***   The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Fang alleges that she was persecuted in China on account of her Christian religion. We review for substantial evidence the agency's factual findings, applying the standards created by the REAL ID Act. *Ren v. Holder*, 648 F.3d 1079, 1083, 1089-90 (9th Cir. 2011). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

The BIA upheld the IJ's determination that Fang testified credibly, but failed to provide sufficient corroborative evidence to meet her burden of proof. Under the REAL ID Act, if the IJ determines that evidence is necessary to corroborate otherwise credible testimony, "the IJ must give the applicant notice of the corroboration that is required and an opportunity either to produce the requisite corroborative evidence or to explain why that evidence is not reasonably available." *Id*. at 1093.

Substantial evidence supports the BIA's determination that the IJ provided Fang adequate notice and opportunity to present corroborative evidence. Several years before her merits hearing, an IJ put Fang on notice that, even if she were found credible, she would need to provide corroborative evidence regarding her alleged persecution in China and her current religious practice. *See Liu v. Sessions*, 891 F.3d 834, 838 (9th Cir. 2018) (holding that the notice provided "by

2

the IJ was specific enough to satisfy the requirements identified by *Ren*" because the petitioner "knew that corroboration was necessary, but failed to present meaningful corroboration for his factual contentions").

Substantial evidence also supports the BIA's determination that Fang had not adequately explained her failure to obtain reasonably available evidence from her parents corroborating her alleged arrest and beating in China as well as evidence corroborating her current religious practice in Tucson, Arizona.

Finally, substantial evidence supports the BIA's determination that Fang's corroborative evidence, along with her credible testimony and the rest of the evidence in the record, was insufficient to meet her burden of proof to establish her eligibility for asylum, withholding of removal, or CAT protection. *See Ren*, 648 F.3d at 1094 & n.17 (holding that corroborative evidence which consisted of "two short and vague letters," along with the rest of the evidence in the record, did not compel the conclusion that the petitioner had met his burden of proof).

**PETITION FOR REVIEW DENIED**.