**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHANGLIANG ZHU,

 Petitioner,

 v.

WILLIAM P. BARR, Attorney General,

 Respondent.

No. 16-70527

Agency No. A205-183-777

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2019
Pasadena, California

Before: TASHIMA and PAEZ, Circuit Judges, and ALSUP,[**] District Judge.

Changliang Zhu, a native and citizen of China, petitions for review of a

decision of the Board of Immigration Appeals (BIA) affirming an Immigration

Judge's (IJ) denial of his application for asylum, withholding of removal, and relief

under the United Nations Convention Against Torture (CAT). Zhu alleges he was

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable William Alsup, United States District Judge for the Northern District of California, sitting by designation.

persecuted in China due to his Christian religion.[1]  The facts are familiar to the parties and are thus not repeated here.  We have jurisdiction pursuant to 8 U.S.C. § 1252.  We deny the petition.

We review the agency's factual findings for substantial evidence, including adverse credibility determinations.  *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014).  Where, as here, the BIA "relied upon the IJ's opinion as a statement of reasons" but "did not merely provide a boilerplate opinion" in reviewing the IJ's adverse credibility finding for clear error, we "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion."  *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (alterations and internal quotation marks omitted).  Because Zhu filed his application after May 11, 2005, we apply the credibility and corroboration standards set forth in the REAL ID Act, 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the BIA's adverse credibility finding.  Both the IJ and BIA adequately identified inconsistencies and implausibilities in Zhu's testimony and application.  For example, Zhu filed an asylum application based on an alleged fear of religious persecution during a time period when he stopped

---

[1] Zhu does not challenge the BIA's finding regarding his political persecution claim.  The issue is therefore deemed waived.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) ("[B]ecause Rizk did not raise his withholding-of-removal and CAT claim in his opening brief, we deem those issues waived.").

16-70527

practicing his religion and was considering returning to China. And, despite Zhu's claim that after he left China, police came to look for him on three separate occasions and threatened his wife with arrest if he did not return, his wife remains in China without incident and Zhu remains in daily contact with her. As such, the record does not compel a reversal.

Moreover, even assuming Zhu's testimony was otherwise credible, substantial evidence supports the BIA's finding that Zhu failed to meet his burden of proof to adequately corroborate his claims. The IJ put Zhu (who was represented by counsel throughout the proceedings) on notice of his need to provide supporting documentation for his claims during two hearings held over one year before his merits hearing. Zhu, however, failed to present sufficient corroborating evidence or explain why he could not reasonably have obtained it. For example, he failed to submit an affidavit from his wife to corroborate his claim that the Chinese police contacted his wife on three separate occasions to inquire of Zhu's whereabouts and threatened her. Zhu claimed that he did not believe his wife's declaration would hold much evidentiary weight. The IJ, however, had already warned Zhu during a pre-merits hearing that she expected affidavits from family members. Accordingly, the BIA properly dismissed Zhu's appeal. *See Liu v. Sessions*, 891 F.3d 834, 839 (9th Cir. 2018) (holding that notice provided "by the IJ was specific enough" where the petitioner "knew that corroboration was

16-70527

necessary, but failed to present meaningful corroboration for his factual contentions").[2]

Because Zhu is ineligible for asylum, he is also ineligible for withholding of removal. *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004) ("Because Mansour was unable to meet his burden to demonstrate that he is eligible for asylum he necessarily fails to satisfy the more stringent standard for withholding of removal."). And, because Zhu does not challenge the BIA's dismissal of his CAT claim, the issue is deemed waived on appeal. *Rizk*, 629 F.3d at 1091 n.3.

The petition is DENIED.

---

[2] Because we deny Zhu's petition based on the findings of adverse credibility and inadequacy of corroborating evidence, we do not reach the question of whether his alleged treatment by the Chinese police amounted to past persecution.