**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GURSHINDER SINGH,

               Petitioner,

   v.

WILLIAM P. BARR, Attorney General,

               Respondent.

No.   18-70088

Agency No. A205-587-087

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020[**]
Portland, Oregon

Before: WOLLMAN,[***] FERNANDEZ, and PAEZ, Circuit Judges.

Gurshinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") dismissal of his appeal from the

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Roger L. Wollman, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

Immigration Judge's ("IJ") denial of his application for asylum,[1] withholding of removal,[2] and Convention Against Torture ("CAT")[3] relief.  We grant the petition and remand.

Singh asserts that the BIA erred when, despite presuming his testimony credible,[4] it denied relief on the basis that Singh failed to provide adequate corroborating evidence, without first giving Singh notice of the corroborating evidence that was necessary and an opportunity to provide the requisite evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(ii).  We agree.

An alien who is presumed to be credible must be given notice of what corroboration is required and an opportunity to provide that corroborating evidence or to explain why the evidence is not reasonably available before the agency determines that the alien did not meet the burden of proof.  *See Jie Shi Liu v. Sessions*, 891 F.3d 834, 837, 838–39 (9th Cir. 2018); *Bhattarai v. Lynch*, 835 F.3d

---

[1]8 U.S.C. § 1158(a)(1).

[2]8 U.S.C. § 1231(b)(3)(A).

[3]United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

[4]The BIA presumed that Singh's testimony was credible based on its conclusion that the IJ did not make an explicit adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

1037, 1047 (9th Cir. 2016); *cf. Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). But, until the IJ announced her decision, Singh was unaware that he needed to provide additional corroborating evidence because the IJ had not given him notice. *See Bhattarai*, 835 F.3d at 1047. Nor did the BIA provide notice of the need for additional corroborating evidence and an opportunity to provide that evidence before it announced its decision. It erred when it failed to do so.

It appears that the BIA declined to reach the merits of Singh's CAT claim based on the erroneous conclusion that Singh did not challenge the IJ's denial of CAT relief. *See Doissaint v. Mukasey*, 538 F.3d 1167, 1170 (9th Cir. 2008). However, in his brief to the BIA, he did challenge the IJ's denial of CAT relief.[5] Thus, the BIA erred when it declined to consider his CAT arguments.[6]

We therefore remand to the BIA for further proceedings.[7]

Petition **GRANTED** and **REMANDED**.

---

[5]*See, e.g.*, *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

[6]*See Honcharov v. Barr*, 924 F.3d 1293, 1296 n.2 (9th Cir. 2019) (per curiam).

[7]We note that to the extent Singh asserts that he was prejudiced because the interpreter at the hearing before the IJ was not qualified, he waived that argument by failing to raise it before the BIA. We lack jurisdiction to consider that claim. *See Brezilien v. Holder*, 569 F.3d 403, 412 (9th Cir. 2009); *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994).