NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTON MARTYNIUK,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    17-73312

Agency No. A200-988-961

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2021[**]
San Francisco, California

Before:  WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

Petitioner Anton Martyniuk, a native of the former Union of Soviet Socialist

Republics and a citizen of Ukraine, seeks review of the decision of the Board of

Immigration Appeals (Board) affirming the Immigration Judge's (IJ) denial based

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

on an adverse credibility determination of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal. "Where, as here, the BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). "Factual findings 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.*, *quoting* 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

Martyniuk testified that he was attacked twice by unidentified individuals for distributing religious material in Ukraine. In upholding the IJ's adverse credibility determination, the Board cited the IJ's finding that Martyniuk exaggerated the severity of an attack, inconsistencies in his testimony with respect to whether the Ukrainian police charged him for disturbing the peace, his inability to identify the days on which the attacks occurred, and inconsistencies between his testimony and written statement with respect to whether he was transported to a hospital by ambulance after one incident.

After the merits hearing, the IJ informed Martyniuk that within six months, he had to provide several types of corroborating evidence, including statements from Martyniuk's friends with whom he was attacked, a statement by his mother discussing his arrest and hospital visits, and a statement by Martyniuk's church leader discussing his membership in the church. Martyniuk belatedly filed a statement from his mother, which did not mention his arrest or hospital visits. The IJ highlighted that Martyniuk did not provide any of the other forms of requested corroborating evidence. Martyniuk testified that the "main reason" for why he did not provide the requested documents by the deadline was that "because I didn't apply enough effort to gather all these and get all the documents." Martyniuk explained that his mother's statement did not mention his arrest or hospital visits because he "didn't tell her about it." "Where, as here, an IJ gives notice that an asylum-seeker's testimony will not be sufficient and gives the petitioner adequate time to gather corroborating evidence, and the petitioner then provides no meaningful corroboration or an explanation for its absence, the IJ may deny the application for asylum." *Jie Shi Liu v. Sessions*, 891 F.3d 834, 839 (9th Cir. 2018).

Accordingly, the record does not compel the conclusion that the adverse credibility determination was erroneous or that the Board improperly dismissed Martyniuk's appeal.[1]  The petition for review is **DENIED**.

---

[1] Because we hold that the adverse credibility finding was supported by substantial evidence, we need not consider the Board's alternative holding, for which the Board presumed that Martyniuk was credible.