**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 20 2021

FOR THE NINTH CIRCUIT

CUI LI,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   19-71998

Agency No. A206-540-699

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 4, 2021[**]
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and DONATO,[***] District
Judge.

     Cui Li, a native and citizen of China, petitions for review of a Board of

Immigration Appeals ("BIA") decision affirming the Immigration Judge's ("IJ")

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture. Li claims past and future persecution based on violations of China's family planning policy. Specifically, Li alleges that she was subjected to a forced abortion and fears that she will be sterilized if she returns to China. We have jurisdiction under 8 U.S.C. § 1252, and we grant Li's petition and remand for further proceedings.

The BIA affirmed the IJ's adverse credibility determination based on the following grounds: (1) inconsistences between Li's testimony, her prior statements, and documentary evidence; and (2) Li's failure to provide sufficient corroborating evidence. On review of the record, neither of these reasons is supported by substantial evidence. *See Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020).

1. The BIA relied on four purported inconsistencies: (1) inconsistences in Li's testimony regarding the symptoms she experienced from an intrauterine device ("IUD"); (2) the fact that Li waited over two years to have an IUD removed after entering the United States, despite her claim that it caused her intense pain and suffering; (3) inconsistences between Li's testimony and a patient history form that she submitted; and (4) Li's failure to include in her asylum application that her mother-in-law was beaten.

Substantial evidence does not support the IJ's finding that Li provided inconsistent testimony regarding her IUD symptoms. Li testified that family

2

planning officials inserted an IUD against her will on two separate occasions and that she suffered different complications following each procedure.  Specifically, Li testified that she experienced excessive menstrual bleeding after the first, and no menstrual bleeding at all after the second.  But the IJ lumped this testimony together and mischaracterized it as "inconsistent," failing to appreciate that Li was describing the symptoms she experienced from two different IUDs.  *See Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011) (concluding that a purported inconsistency did not support adverse credibility determination because the IJ's characterization of the petitioner's testimony was inaccurate).  Moreover, the BIA itself appears to concede that Li's testimony on this subject may have been "confused or misunderstood."

The BIA also relied on a perceived inconsistency between Li's testimony that the first IUD caused her intense suffering as well as gynecological disease and her testimony that she waited over two years after arriving in the United States before having the second IUD removed.  But again, both the IJ and the BIA failed to appreciate that Li was twice subjected to a forced IUD and experienced distinct symptoms following each procedure.  Specifically, Li never testified that the second IUD caused her intense suffering.  Rather, she testified that she ultimately had it removed because she did not have her period.

The BIA also noted several alleged inconsistencies between Li's testimony and a patient history form that was completed when Li had her second IUD removed in the United States, but these are similarly not supported by substantial evidence. For example, the IJ inaccurately found that the form was inconsistent with Li's testimony because she "claimed that she had her first IUD removed in China, *clearly a surgical procedure.*" (emphasis added). But no record evidence suggests that removal of an IUD is a surgical procedure. Moreover, Li, who does not speak English, explained that the form was incomplete or inaccurate because another individual at the doctor's office, who did not speak Mandarin, assisted her in completing it and they struggled to communicate through the language barrier. *See He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003) ("[F]aulty or unreliable translations can undermine the evidence on which an adverse credibility determination is based."); *see also Kebede v. Ashcroft*, 366 F.3d 808, 811 (9th Cir. 2004).

Finally, the BIA relied on the fact that Li testified at her merits hearing that her mother-in-law was beaten, but she failed to include this detail in her asylum application. "[A]lthough an IJ may rely on omissions when evaluating an applicant's credibility, not all omissions will deserve the same weight or support an adverse credibility finding." *Iman*, 972 F.3d at 1067. Notably, "the omitted information concerned 'adverse consequences for third parties,'" rather than for Li

4

herself. *Id.* at 1068 (quoting *Lai v. Holder*, 773 F.3d 966, 973 (9th Cir. 2014)). Moreover, we have emphasized that that the "'mere omission' of additional, consistent details is 'insufficient to uphold an adverse credibility finding'" where the original asylum application omitted a detail and later testimony supplemented the petitioner's account with consistent information. *Lizhi Qiu v. Barr*, 944 F.3d 837, 844 (9th Cir. 2019) (quoting *Lai*, 773 F.3d at 971); *see also Iman*, 972 F.3d at 1068.

2. In upholding the IJ's adverse credibility finding, the BIA also relied on Li's failure to provide specific corroborating evidence. The IJ requested a laundry list of documentary evidence, including proof that Li was twice fined 5,000 RMB, either through copies of the checks or bank account withdrawals, and an affidavit detailing Li's gynecological disease symptoms.

However, Li provided "in good faith, meaningful corroborating evidence that [happened to be] different than the evidence sought by the IJ." *Jie Shi Liu v. Sessions*, 891 F.3d 834, 839 (9th Cir. 2018). For example, rather than a copy of a check or bank account withdrawal, Li provided receipts of the payments, thereby demonstrating the key fact that the IJ sought to verify: Li was fined 5,000 RMB by the Chinese government in 2008 and 2013. The IJ also faulted Li for failing to submit an affidavit corroborating her gynecological symptoms. Although Li did not submit an affidavit, she provided a signed doctor's note that described her

5

symptoms. This contemporaneous account provided by Li's doctor—a third party who had no reason to misrepresent Li's self-reported symptoms—is "meaningful corroborating evidence" that bolsters her claims, even if it differed from the IJ's precise request. *See Jie Shi Liu*, 891 F.3d at 838.

Finally, the IJ's request for "evidence showing that [the] Chinese government will persecute people simply if they do not show [for] a sterilization procedure," is unreasonable given that we have explained that it is inappropriate for an agency to request proof of how or why a persecutor intends to act. *See Singh v. Holder*, 638 F.3d 1264, 1270 (9th Cir. 2011); *see also Ge v. Ashcroft*, 367 F.3d 1121, 1126 (9th Cir. 2004).

In sum, the record demonstrates "that the IJ and BIA have listed all possible reasons to support an adverse credibility determination, and they are inadequate in law or not supported by substantial evidence." *Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009). Accordingly, upon remand, the agency must deem Li's testimony as credible.

We grant Li's petition and remand to the BIA to determine, taking Li's testimony as true, whether Li is eligible for asylum, withholding of removal, and protection under the Convention Against Torture.

**PETITION GRANTED; REMANDED.**