NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADIEL ALFREDO RIVERA-TRINIDAD, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 20-71463 Agency No. A209-388-572 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2021[**]
Seattle, Washington

Before: GILMAN,[***] GOULD, and MILLER, Circuit Judges.

Adiel Alfredo Rivera-Trinidad, a native and citizen of El Salvador, entered

the United States unlawfully in October 2016. The Department of Homeland

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Security ("DHS") initiated removal proceedings against him by filing a Notice to Appear ("NTA") with the immigration court in November 2016. *See* 8 C.F.R. § 1003.14(a). The DHS charged Rivera-Trinidad with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Rivera-Trinidad appeared before an immigration judge ("IJ") and sought relief in the form of asylum, withholding of removal, and CAT protection.

In March 2018, the IJ issued an oral decision finding Rivera-Trinidad removable as charged and denying the applications for relief. Rivera-Trinidad appealed to the Board of Immigration Appeals ("BIA"), and the BIA dismissed Rivera-Trinidad's appeal. Rivera-Trinidad petitioned for review.

Where the BIA agrees with the IJ's reasoning and supplements that reasoning with its own analysis, we review both decisions. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). The scope of this Court's review over the BIA's denial of asylum is extremely narrow and "highly deferential." *Jie Shi Liu v. Sessions*, 891 F.3d 834, 837 (9th Cir. 2018). Findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). To reverse the administrative factual determinations under the substantial-evidence standard, the Court "must find that the evidence not only *supports* [a contrary]

conclusion, but *compels* it . . . ." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1, 483–84 (2012) (emphasis in original).

For the following reasons, Rivera-Trinidad's petition is dismissed in part and denied in part.

First, Rivera-Trinidad did not exhaust his claim that he held "a political opinion that would lead to his harm," so we lack subject-matter jurisdiction to review it. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Substantial evidence supports the denial of Rivera-Trinidad's remaining exhausted claims for asylum and withholding of removal. While Rivera-Trinidad claimed an objectively reasonable fear of future persecution on account of his membership in a particular social group of "close family members of a police officer killed by gang members in El Salvador, who oppose criminal gangs," that fear was undermined by the fact that his immediate relatives in El Salvador were living there uninjured and unthreatened. It was also undermined by the fact that Rivera-Trinidad had himself lived unharmed and unthreatened in El Salvador for three years after his brother's death. The BIA also noted that Rivera-Trinidad's police officer cousins have not been harmed, and that the deaths of two other cousins who were killed in 2015 and 2017 had no known connection to the death of Rivera-Trinidad's brother. Although Rivera-Trinidad does not have to wait until he is attacked to be eligible for asylum or withholding of removal, Rivera-Trinidad must establish an objectively

reasonable well-founded fear. *See J.R. v. Barr*, 975 F.3d 778, 784 (9th Cir. 2020); 8 C.F.R. § 1208.13(b). He simply has not done so here.

Rivera-Trinidad's other proposed social groups are also insufficient. First, Rivera-Trinidad has not claimed or provided evidence supporting the claim that he or anyone else in his immediate family has been harmed or kidnapped. Thus, the BIA properly concluded that Rivera-Trinidad cannot be a member of the proposed social group "family members of others who have been kidnapped in El Salvador." Rivera-Trinidad has also not provided evidence showing the other social groups that he has proposed — "Salvadorans who have an opposition to criminal gangs and their authority," and "Salvadorans who have a political view against crime in general and corruption in law enforcement or by officials, and who are persecuted for having such a political view" — are sufficiently particular or socially distinct.

Second, substantial evidence supports the BIA's determination that Rivera-Trinidad did not establish a probability of torture by or with the acquiescence or willful blindness of a government official. Rivera-Trinidad has the burden to demonstrate that he would more likely than not be tortured in El Salvador with the government's consent or acquiescence. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1), (7). Rivera-Trinidad has not shown that the government of El Salvador would acquiesce in any torture if he returns to El Salvador.

Third, the BIA did not violate Rivera-Trinidad's right to due process by not considering all of the evidence. For a due process violation to have occurred, (1) the proceeding must have been so fundamentally unfair that the noncitizen was prevented from reasonably presenting his case, and (2) the noncitizen must show prejudice, "which means that the outcome of the proceeding may have been affected by the alleged violation." *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009) (per curiam).

Rivera-Trinidad has not sufficiently identified evidence that the IJ ignored or explained how the evidence in the record compels a finding contrary to that of the IJ. There is no error.

**PETITION DISMISSED IN PART AND DENIED IN PART.**