**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LANG GAO,<br><br>           Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>           Respondent. | No.   16-71339<br><br>Agency No. A201-042-842<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 26, 2023**
San Francisco, California

Before: GOULD, RAWLINSON, and BRESS, Circuit Judges.

Lang Gao, a citizen of China, petitions for review of a Board of Immigration

Appeals (BIA) decision dismissing his appeal of an Immigration Judge (IJ) order

denying his applications for asylum, withholding of removal, and protection under

the Convention Against Torture (CAT). We review the BIA's decision for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060, 1066 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.      Substantial evidence supports the denial of asylum and withholding of removal. To be eligible for asylum, a petitioner must demonstrate a "likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma*, 9 F.4th at 1059 (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, the petitioner must show a "clear probability" of such harm. *Id.*

The IJ directed Gao to provide reasonably available corroborating evidence of his account, and Gao failed to do so. *See Jie Shi Liu v. Sessions*, 891 F.3d 834, 839 (9th Cir. 2018) (noting that when an IJ gives notice that corroborating evidence is required "and the petitioner then provides no meaningful corroboration or an explanation for its absence, the IJ may deny the application for asylum"). Gao failed to challenge this issue before the BIA, or this court. The issue is thus waived and unexhausted, and we lack jurisdiction to consider it. *See Diego v. Sessions*, 857 F.3d 1005, 1015 n.4 (9th Cir. 2017) (holding that an issue not "specifically and distinctly argued and raised" in an opening brief is waived (quotation omitted)); *Sola v.*

*Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue.").

Regardless, substantial evidence supports the BIA's alternative determination that Gao did not establish past persecution or a well-founded fear of future persecution. Persecution "is an extreme concept that means something considerably more than discrimination or harassment." *Sharma*, 9 F.4th at 1060 (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)). Gao was arrested and beaten by authorities on one occasion, but he suffered bruising that did not require medical treatment, and he was detained for only four days, without indicating the specific conditions of his confinement. Although Gao was required to report to Chinese authorities once per week, he has not demonstrated that his reporting requirement was sufficiently severe to constitute persecution, including when considered with the single incident in which Gao was beaten and detained. Under these circumstances, the BIA could conclude that Gao had not demonstrated past persecution. *See, e.g., id.* at 1061 ("We have repeatedly denied petitions for review when, among other factors, the record did not demonstrate significant physical harm."); *Gu v. Gonzales*, 454 F.3d 1014, 1017–18 (9th Cir. 2006) (concluding that a three-day detention and single beating did not compel finding of past persecution). Accordingly, the record does not compel a finding of past persecution.

Nor did Gao establish an objectively reasonable fear of future persecution. *See Duran-Rodriguez*, 918 F.3d at 1029. Gao claims that he remains a target for future persecution because Chinese authorities recently visited his parents, inquiring of his whereabouts. But the IJ reasonably concluded that Gao failed to corroborate this testimony with reasonably available evidence despite being on notice that such evidence was required. As noted above, Gao has failed to challenge that determination before the BIA or this court. *See Liu*, 891 F.3d at 839. Because substantial evidence supports the denial of asylum, Gao necessarily failed to meet the higher standard for withholding of removal. *See Sharma*, 9 F.4th at 1066.

2. Substantial evidence supports the denial of CAT relief. An applicant for CAT protection must demonstrate that he "will more likely than not be tortured with the consent or acquiescence of a public official if removed to h[is] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). For the reasons we have given above with respect to asylum and withholding of removal, the record does not compel the conclusion that Gao has demonstrated a likelihood of torture if he is removed to China.

**PETITION DENIED.**