NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YUXIANG LIU,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-782

Agency No.
A201-047-651

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2023[**]

Before: CANBY, CALLAHAN, and OWENS, Circuit Judges.

Yuxiang Liu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ's") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We deny the petition for review.

Substantial evidence supports the BIA's determination that Liu failed to meet his burden of proof to adequately corroborate his claims.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Jie Shi Liu v. Sessions*, 891 F.3d 834, 839 (9th Cir. 2018) (when IJ gives notice that corroborating evidence is required "and the petitioner then provides no meaningful corroboration or an explanation for its absence, the IJ may deny the application for asylum"); *see also Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013) (IJs may set and extend time limits for the filing of applications and related documents).  Thus, Liu's asylum claim fails.

Because Zhu is ineligible for asylum, he is also ineligible for withholding of removal.  *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004) ("Because [petitioner] was unable to meet his burden to demonstrate that he is eligible for asylum he necessarily fails to satisfy the more stringent standard for withholding of removal.").

Substantial evidence also supports the agency's denial of CAT protection because Liu failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to China.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

2

The temporary stay of removal remains in place until the mandate issues.

**PETITON FOR REVIEW DENIED.**