**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 13 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



---

JIANYOU LIU,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 23-1397

Agency No.
A087-840-269

MEMORANDUM\*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2024\*\*
Pasadena, California

Before: TALLMAN, FORREST, and BUMATAY, Circuit Judges.

Jianyou Liu, a native and citizen of China, seeks review of the Board of

Immigration Appeals' ("BIA") dismissal of his appeal of the Immigration Judge's

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("IJ") denial of asylum and withholding of removal.[1] The IJ denied all relief after making an adverse credibility finding against Liu, which the BIA affirmed. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, "the BIA expressed agreement with the reasoning of the IJ, this court reviews both the IJ and BIA's decisions." *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013); *see Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). "The agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016)). The IJ and the BIA reviewed the totality of Liu's circumstances in their decisions, and the IJ supported the adverse credibility finding with specific instances in the record of inconsistent testimony and inherent implausibility. *See Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010). Thus, we will not disturb it.

Substantial evidence supports the agency's finding that Liu did not provide credible testimony in support of his applications for asylum and withholding of removal. First, the IJ found that Liu was not credible based on inconsistencies in the

---

[1] As Liu failed to raise his claim for protection under the Convention Against Torture before the BIA, it has been waived.

2

record relating to an alleged beating he experienced at the hands of the Chinese police. In his declaration, Liu stated that he was bleeding from his mouth and nose; however, on cross-examination he initially testified to only having bled from the corner of his mouth. After being confronted with his declaration, he "suddenly recalled that his nose was also bleeding." Further, during cross-examination, Liu stated that he had been slapped in the face four times, kicked in the calves, and hit across the shoulders. Liu had failed to mention being kicked in the calves and hit on the shoulders during his direct examination. The IJ found these inconsistencies particularly troublesome given that they directly relate to an alleged incident of past persecution. *Shrestha*, 590 F.3d at 1046–47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight.").

Next, the IJ took issue with the testimony regarding Liu's travel to the United States with his brother. Liu testified that he did not know why his brother wanted to come to the United States, although he did know that his brother was not subject to the same eminent domain policy that induced Liu to leave China. Liu also testified that his brother is a citizen of the United States, but he gave no explanation as to how his brother gained citizenship so quickly, especially because his brother's wife and children remain in China.

Finally, the IJ held that Liu could not rehabilitate his claims with

3

corroborating evidence specifically pertaining to the facts of his claim. To support his claim, Liu only provided identity-related documents and a country condition report. *See Liu v. Sessions*, 891 F.3d 834, 839 (9th Cir. 2018) (finding that a marriage certificate, household registry record, and residency cards were insufficient to corroborate key factual issues). Although the IJ noted that the country conditions report "somewhat supports [Liu's] claim," it also noted that Liu did not provide any proof that he owned the land in question, that the government appropriated the land, that he was involved in any protests, or that he was detained by the police. Further, Liu had eight years to prepare his case and supplement the record, yet he did not secure any declarations from people purportedly involved in the events at issue, including his wife, who remains in China, or his brother, who currently lives in the United States. *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (explaining that an IJ is not required to give a respondent an additional opportunity to provide corroborating evidence if their testimony is not credible and their proffered evidence has been deemed insufficient).

Substantial evidence supports the agency's adverse credibility finding; we therefore give no weight to Liu's testimony. *Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014). Because the remaining evidence in the record is insufficient to carry Liu's burden of establishing a past fear of persecution or a well-founded fear of future persecution, Liu's claims fail. *See Wang*, 861 F.3d at 1009. Accordingly, Liu

did not meet his burden of proof to establish eligibility for asylum or withholding of removal.

**PETITION DENIED.**