**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER PAOLA PAZ-FLORES; LUCAS JOSUE ESCOBAR-PAZ, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-1897 <br><br> Agency Nos. <br> A246-945-235 <br> A246-945-234 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2026**
Seattle, Washington

Before: PAEZ and BUMATAY, Circuit Judges, and KASUBHAI, District
Judge.***

Jennifer Paola Paz-Flores and her minor son (collectively, "Petitioners"), both

natives and citizens of Honduras, petition for review of the Board of Immigration

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Mustafa T. Kasubhai, United States District Judge for
the District of Oregon, sitting by designation.

Appeals' ("BIA") decision denying them asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). They also challenge the BIA's holding that they are ineligible for asylum because of the Circumvention of Lawful Pathways Rule, 8 C.F.R. § 1208.33(a). Because the BIA has conducted its own review of the record, we review its decision under the substantial evidence standard. *See Maldonado v. Lynch,* 786 F.3d 1155, 1160 (9th Cir. 2015) (en banc); 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. Substantial evidence supports the BIA's denial of asylum. Asylum applicants must demonstrate that they are "unable or unwilling to return to… [their home country] because of persecution or a well-founded fear of persecution." 8 U.S.C. § 1101(a)(42)(A). But such fear must be "objectively reasonable," and not "too speculative." *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). Alternatively, they may show past persecution, which "gives rise to a rebuttable presumption of future persecution." *See Sharma v. Garland,* 9 F.4th 1052, 1060 (9th Cir. 2021). Petitioners failed to demonstrate past persecution, or objectively reasonable future persecution.

Paz-Flores argues that she was repeatedly harassed by "Charlie," a local Mara gang member who was her neighbor. But none of the allegations are grave enough to constitute persecution. Persecution is "an extreme concept that does not include every sort of [mis]treatment." *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998)

(simplified). While "Charlie" once grabbed Paz-Flores by the hands and temporarily prevented her from walking away, Paz-Flores fails to claim that she suffered any "significant physical harm." *Cf. Sharma,* 9 F.4th at 1062. As recognized by the BIA, the cumulative harm she experienced at the hands of "Charlie" was "harassment rather than persecution." *Hoxha, v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir. 2003).

Paz-Flores failed to show that her fear of future persecution is objectively reasonable. *Donchev v. Mukasey,* 553 F.3d 1206, 1213 (9th Cir. 2009). After the incident in which "Charlie" grabbed Paz-Flores by the hands, he never attempted to attack her again or enter her home. "Charlie" has not communicated with Paz-Flores or her family or sought her out since she left Honduras. *See Gonzalez-Lara v. Garland,* 104 F.4th 1109, 1116 (9th Cir. 2024).

2. Because Petitioners would not qualify for asylum, we do not reach the merits regarding the Circumvention of Lawful Pathways Rule, 8 C.F.R. § 1208.33.

3. Substantial evidence supports the BIA's denial of withholding of removal. 8 U.S.C. § 1231(b)(3)(A) prevents the government from removing aliens on the same grounds necessary for asylum. *Lanza v. Ashcroft,* 389 F.3d 917, 933 (9th Cir. 2004). But "[t]he standard for withholding of removal is more stringent than the standard for asylum." *Jie Shi Liu v. Sessions*, 891 F.3d 834, 839 n.1 (9th Cir. 2018). So Paz-Flores "necessarily fails" to satisfy the standard for withholding of removal.

*Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir. 2004).

4. Paz-Flores did not challenge the BIA's denial of her CAT claim. Accordingly, that issue is forfeited. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018).

**DENIED.**