**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

RUBEN ALBERTO ORELLANA
AQUINO,

             Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

             Respondent.

</td><td>

No.    20-71005

Agency No. A200-888-808

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2021[**]
San Francisco, California

Before:    TASHIMA and BUMATAY, Circuit Judges, and RAYES,[***] District
            Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Douglas L. Rayes, United States District Judge for the
District of Arizona, sitting by designation.

Ruben Alberto Orellana Aquino, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming, without opinion, a decision of an Immigration Judge (IJ). The IJ denied Aquino's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) and ordered him removed to El Salvador. Aquino challenges the denial of withholding of removal and CAT relief.[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      The IJ's finding that the harm Aquino suffered does not rise to the level of persecution is supported by substantial evidence. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (stating that "[w]e review the denial of asylum, withholding of removal and CAT claims for substantial evidence"); *Alvarado v. Holder*, 759 F.3d 1121, 1126 (9th Cir. 2014) ("Where, as here, 'the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency action.'" (quoting *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) (per curiam))). The IJ found that it was a "close call," but "[p]ersecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Duran-Rodriguez*, 918 F.3d at 1028 (quoting *Nagoulko v. INS*, 333

---

[1]      Aquino does not challenge the IJ's finding that he is ineligible for asylum because his application was untimely.

F.3d 1012, 1016 (9th Cir. 2003)).  The evidence does not compel a conclusion contrary to the IJ's.  *See id.* (stating that, under the substantial evidence standard, "we must uphold the agency determination unless the evidence compels a contrary conclusion").

Aquino also challenges the IJ's reliance on the lack of evidence to corroborate his claim that he suffered persecution and would be subject to persecution on account of his political opinion if removed to El Salvador.  "Even when assuming credibility, the IJ or BIA may require additional, corroborating evidence."  *Jie Shi Liu v. Sessions*, 891 F.3d 834, 838 (9th Cir. 2018).  The IJ specified the type of corroborating evidence she required, such as the police report and more detailed letters from his family to establish their involvement with the ARENA political party and Aquino's relationship with Claudia Orellana.  However, Aquino provided only his birth certificate and Claudia's birth and death certificates.  "These documents did not meaningfully corroborate the key factual contentions at issue."  *Id.* at 839.  The evidence Aquino provided contained only general statements and did not establish that he "'held (or that [his] persecutors believed that [he] held) a political opinion,'" and that his persecutors "persecuted [him] because of [that] political opinion."  *Rodriguez Tornes v. Garland*, 993 F.3d 743, 752 (9th Cir. 2021) (quoting *Ahmed v. Keisler*, 504 F.3d 1183, 1192 (9th Cir.

3

2007)).  The evidence does not compel a conclusion contrary to the IJ's conclusion that Aquino failed to establish that he was persecuted on account of his political opinion.

**2.**	The IJ's denial of CAT relief also is supported by substantial evidence.  Contrary to Aquino's contention, the IJ did consider the country conditions evidence and acknowledged that it showed "exceptional violence" in El Salvador.  Nonetheless, she found it insufficient to establish that it is more likely than not that Aquino in particular would be tortured if returned to El Salvador.  *See Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019) (concluding that petitioner "has not shown a greater risk to him than any other Mexican national deported from the United States such that torture would be more likely than not in his case" (internal quotation marks omitted)); *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018) (reasoning that the IJ considered the country conditions, but "he was just not persuaded by it"); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (where petitioners' "generalized evidence of violence and crime in Mexico [was] not particular" to them, they failed to establish eligibility for CAT relief).

The petition for review is **DENIED.**

4