**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BONIFACIO TORRES-HURTADO, | No.    18-73141 |
| Petitioner, | Agency No. A091-760-693 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2022[**]
San Francisco, California

Before:  GOULD and RAWLINSON, Circuit Judges, and ZIPPS,[***] District Judge.

Petitioner Bonifacio Torres-Hurtado (Petitioner) is a native and citizen of

Mexico.  He seeks review of an order from the Board of Immigration Appeals

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

(BIA) dismissing his appeal from the denial of his request for deferral of removal under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and we **DENY** the petition.

**1.** We review the factual findings underlying the BIA's determination that a petitioner is ineligible for deferral of removal under CAT for substantial evidence. *See Edu v. Holder*, 624 F.3d 1137, 1142 (9th Cir. 2010). We grant a petition for review only if the evidence compels the conclusion that the BIA's decision was erroneous. *See Jie Shi Liu v. Sessions*, 891 F.3d 834, 837 (9th Cir. 2018).

Substantial evidence supports the BIA's determination that Petitioner failed to demonstrate that it was more likely than not that he would be tortured if removed to Mexico. Petitioner testified that he was shot five times twenty years ago and that the attack was motivated by a local gang's attempt to recruit his brother Roberto to join their ranks. In the twenty years since the shooting, however, Roberto died and Petitioner has returned to Mexico without incident. *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1282 (9th Cir. 2001) (noting that when evaluating a CAT claim, "all evidence relevant to the possibility of future torture shall be considered, including, but not limited to: [e]vidence of past torture inflicted upon the applicant; [and] [e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured")

2

(emphasis omitted). Petitioner's testimony therefore failed to establish that he is more likely than not to experience future torture.[1]

Substantial evidence also supports the conclusion that Petitioner does not face a clear probability of torture by or with government acquiescence. Petitioner testified that the police knew the identity of the man who shot him, but did not arrest him. This testimony is insufficient to establish government acquiescence without a showing that the police are "unable or unwilling to oppose . . . crime." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Although Petitioner testified regarding his belief that the police did not arrest the man that shot him because "the government works with the cartel," he did not present any evidence establishing corruption, or that his belief was anything more than speculation. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) ("[S]peculative fear of torture is not sufficient to satisfy the applicant's burden.") This record does not compel a conclusion that the BIA erred in denying CAT relief. *See Liu*, 891 F.3d at 837.

---

[1] Petitioner argues that the Immigration Judge (IJ) applied a flawed analytical structure by failing to consider all aspects of his claim, and failing to separately discuss the likelihood of future torture, government acquiescence and internal relocation. However, our review is limited to the BIA's decision. *See Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1305 (9th Cir. 2015) ("Because the BIA conducted an independent review of the facts and law, we review only the BIA's decision.")

**2.** We review the BIA's decision not to take administrative notice of the evidence Petitioner submitted with his appeal brief for an abuse of discretion.  *See Castillo-Villagra v. I.N.S.*, 972 F.2d 1017, 1028 (9th Cir. 1992).  Because this country conditions evidence was not presented to the Immigration Judge, the BIA did not abuse its discretion by declining to take administrative notice of these new facts and engage in factfinding to decide Petitioner's appeal.  *See Brezilien v. Holder*, 569 F.3d 403, 413 n.3 (9th Cir. 2009).

**PETITION DENIED.**